UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **JOSEPH W. HAMLET,** an individual; | ) | **_JURY TRIAL REQUESTED_** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **DARRELL R. HARRIS,** an individual; | ) | |
| **ELLIS STEEL COMPANY, INC.,** | ) | |
| a foreign corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Joseph W. Hamlet is an individual over the age of nineteen (19) years who was a resident of Franklin County, Alabama at all times relevant hereto.

2. Defendant Darrell R. Harris ("Defendant Harris") is an individual over the age of nineteen (19) years and, upon information and belief, is a resident of West Point, Clay County, Mississippi.

3. Defendant Ellis Steel Company, Inc. ("Defendant ESC, Inc.") is a Mississippi corporation with its principal place of business in West Point, Clay County, Mississippi. Upon information and belief, Defendant Harris was an agent, servant or employee of Defendant ESC, Inc., and was acting within the line and

scope of said agency, service and/or employment at all times relevant hereto, such that Defendant ESC, INC. is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of Defendant Harris.

## STATEMENT OF JURISDICTION & VENUE

4. The Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. The Court has personal jurisdiction over Defendant Harris, in that he was operating the 2015 International Prostar commercial truck involved in the incident made the basis of this case in Marion County, Alabama on February 22, 2021.

6. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Marion County, Alabama, which is part of this judicial district.

## FACTUAL ALLEGATIONS

7. On the morning of February 22, 2021, Plaintiff Hamlet was traveling southbound on U.S. Highway 43 in Marion County, Alabama in a 2018 Ford E-250 truck hauling an enclosed trailer.

8. At the same time, Defendant Harris was operating a 2015 International Prostar tractor with a flatbed trailer loaded with steel I-beams in the northbound lane

of U.S. Highway 43.

9. Upon information and belief, the vehicle being operated by Defendant Harris was owned by Defendant ESC, Inc.

10. Upon further information and belief, Defendant Harris was hauling the steel I-beams in the line and scope of his service, agency, and/or employment with Defendant ESC, Inc. at the time of this incident.

11. Upon further information and belief, Defendant Harris was operating his commercial vehicle at a high rate of speed and/or at a speed in excess of the posted limit and/or at a speed that was unreasonable for the vehicle he was operating, the load he was hauling, and/or the condition of the roadway he was traveling.

12. As Defendant Harris's vehicle entered a curve in the roadway, the load of steel I-beams he was hauling shifted and launched off the side of his trailer and into the opposite lane of travel where Plaintiff's vehicle was traveling.

13. The spilled I-beams crashed onto the roadway in front of Plaintiff's oncoming vehicle, causing extensive gouging and damage to the paved service before slamming forcefully into Plaintiff's vehicle.

14. The force of the impact from the spilled I-beams pushed Plaintiff's vehicle and enclosed trailer off to the side of the roadway, destroying the truck and trailer Plaintiff was operating.

15. As a result of the crash, Plaintiff sustained substantial physical injuries

and damages and damages, including, but not limited to a left forearm contusion and pain; arm and left shoulder pain; cervical pain; lumbar pain and spasms; pain his groin area, and intermittent left leg numbness.

16. As a further result of this crash, Plaintiff Hamlet was forced to miss time off work and, ultimately, lost his job as a direct and proximate result of the crash.

17. Moreover, as a result of this crash Plaintiff Hamlet sustained various other damages, including loss of his health insurance, medical costs and expenses, lost wages and income, out-of-pocket costs and expenses, pain and suffering, mental anguish, and emotional distress.

## COUNT ONE - NEGLIGENCE

18. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

19. On February 22, 2021 in Maron County, Alabama, Plaintiff Hamlet suffered injuries and damages when a load of steel I-beams being hauled by Defendant Harris shifted, fell from Defendant's Harris's flatbed trailer, and forcefully crashed into the vehicle being operated by the Plaintiff.

20. At all times relevant hereto, Defendant Harris owed the motoring public, including the Plaintiff, certain duties of care, to-wit:

a) The duty to operate his vehicle in a safe manner and with due caution and circumspection;

b) The duty to ensure the items he was transporting were properly loaded onto his vehicle;

c) The duty to ensure the items he was transporting were properly secured to his vehicle;

d) The duty to obey the posted speed limit on the road he was traveling;

e) The duty to operate his vehicle his vehicle at reasonable, prudent, and appropriate speed given the condition of the roadway being traveled; and,

f) The duty to obey the Alabama Rules of the Road.

21. On February 22, 2021, Defendant Harris negligently breached the duties of care owed to Plaintiff Harris when he:

a) Negligently operated his vehicle is an unsafe manner and without due caution and circumspection;

b) Negligently failed to ensure the items he was transporting were properly loaded onto his vehicle;

c) Negligently failed to ensure the items he was transporting were properly secured to his vehicle;

d) Negligently failed to obey the posted speed limit on the roadway;

5

    e) Negligently failed to operate his vehicle at a reasonable, prudent, and appropriate speed for the conditions of the roadway and/or operated his vehicle at a speed or in a manner so as to endanger or be likely to endanger other persons or property on the roadway; and,

    f) Negligently failed to obey the Alabama Rules of the Road.

22. Defendant Harris's above-stated breaches of care caused or allowed the steel I-beams he was carrying to shift and spill onto the roadway and crash into the vehicle being lawfully operated by Plaintiff Hamlet.

23. As a proximate consequence of the negligence of Defendant Harris, Plaintiff Hamlet was caused to suffer injuries and damages, including, without limitation:

    a) Injuries to his body, including his arm, shoulder, neck, back, and leg;

    b) Pain and suffering, which Plaintiff Hamlet continues to experience and will experience in the future;

    c) Medical bills, costs, and expenses, which Plaintiff Hamlet has incurred and will continue to incur in the future;

    d) Out-of-pocket costs and expenses;

    e) Lost wages and employment;

    f) Lost or diminished enjoyment of life; and,

      g) Inconvenience, mental anguish, and emotional distress.

24. At all times relevant hereto, Defendant Harris was the agent, servant, or employee of Defendant ESC, INC., and was acting within the line and scope of said agency, service and/or employment, such that Defendant ESC, INC. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant Harris.

25. The negligence of Defendant Harris combined and concurred with the negligence or wrongful conduct of all other named defendants, causing Plaintiff to be injured and damaged as a proximate result.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Hamlet demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

### COUNT TWO: RECKLESSNESS/WANTONNESS

26. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

27. On February 22, 2021 in Maron County, Alabama, Plaintiff Hamlet suffered injuries and damages when a load of steel I-beams being hauled by Defendant Harris shifted, fell from Defendant's Harris's flatbed trailer, and forcefully crashed into the vehicle being operated by the Plaintiff.

28. At all times relevant hereto, Defendant Harris owed the motoring public, including the Plaintiff, certain duties of care, to-wit:

   a) The duty to operate his vehicle in a safe manner and with due caution and circumspection;

   b) The duty to ensure the items he was transporting were properly loaded onto his vehicle;

   c) The duty to ensure the items he was transporting were properly secured to his vehicle;

   d) The duty to obey the posted speed limit on the road he was traveling;

   e) The duty to operate his vehicle his vehicle at reasonable, prudent, and appropriate speed given the condition of the roadway being traveled; and,

   f) The duty to obey the Alabama Rules of the Road.

29. On February 22, 2021, Defendant Harris recklessly and/or wantonly breached the duties of care owed to Plaintiff Harris when he:

   a) Operated his vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property on the roadway and without due caution and circumspection;

   b) Carelessly, heedlessly, willfully, or wantonly failed to ensure the items he was transporting were properly loaded onto his vehicle;

    c) Carelessly, heedlessly, willfully, or wantonly failed to ensure the items he was transporting were properly secured to his vehicle;

    d) Carelessly, heedlessly, willfully, or wantonly failed to obey the posted speed limit on the roadway;

    e) Carelessly, heedlessly, willfully, or wantonly failed to operate his vehicle at a reasonable, prudent, and appropriate speed for the conditions of the roadway and/or operated his vehicle at a speed or in a manner so as to endanger or be likely to endanger other persons or property on the roadway; and,

    f) Carelessly, heedlessly, willfully, or wantonly failed to obey the Alabama Rules of the Road.

30. Defendant Harris's above-stated reckless, willful, and wanton breaches of care caused or allowed the steel I-beams he was carrying to shift and spill onto the roadway and crash into the vehicle being lawfully operated by Plaintiff Hamlet.

31. As a proximate consequence of the recklessness, willfulness, and/or wantonness of Defendant Harris, Plaintiff Hamlet was caused to suffer injuries and damages, including, without limitation:

    a) Injuries to his body, including his arm, shoulder, neck, back, and leg;

    b) Pain and suffering, which Plaintiff Hamlet continues to experience

  and will experience in the future;

  c) Medical bills, costs, and expenses, which Plaintiff Hamlet has incurred and will continue to incur in the future;

  d) Out-of-pocket costs and expenses;

  e) Lost wages and employment;

  f) Lost or diminished enjoyment of life; and,

  g) Inconvenience, mental anguish, and emotional distress.

32. At all times relevant hereto, Defendant Harris was the agent, servant, or employee of Defendant ESC, INC., and was acting within the line and scope of said agency, service and/or employment, such that Defendant ESC, INC. is vicariously liable for the negligent, reckless, willful, wanton, or otherwise wrongful conduct of Defendant Harris.

33. The recklessness, willfulness, and/or wantonness of Defendant Harris combined and concurred with the negligence or wrongful conduct of all other named defendants, causing Plaintiff to be injured and damaged as a proximate result.

34. Plaintiff demands punitive damages of the named and fictitious defendants for his/her/their respective willful or wanton conduct.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages

in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

### COUNT THREE: RESONDEAT SUPERIOR & AGENCY

35. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

36. On February 22, 2021 in Maron County, Alabama, Plaintiff Hamlet suffered injuries and damages when a load of steel I-beams being hauled by Defendant Harris shifted, fell from Defendant's Harris's flatbed trailer, and forcefully crashed into the vehicle being operated by the Plaintiff.

37. At all times relevant hereto, Defendant Harris was an agent, servant, or employee of Defendant ESC, INC. and was acting within the line and scope of said agency, service, or employment on the occasion made the basis of this lawsuit.

38. Alternatively, Defendant Harris was acting with the express, implied, and/or apparent authority of Defendant ESC, Inc. at all times relevant hereto.

39. Consequently, Defendant ESC, Inc. is vicariously liable for the negligent, wanton, reckless, or otherwise wrongful actions or failures to act on the part of Defendant Harris on the occasion made the basis of this lawsuit under the theories of respondeat superior and agency.

40. As a proximate result of the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant ESC, INC., by and through the actions or failures to

act of Defendant Harris on the occasion made the basis of this case, Plaintiff Hamlet suffered the following injuries and damages:

    a) Injuries to his body, including his arm, shoulder, neck, back, and leg;

    b) Pain and suffering, which Plaintiff Hamlet continues to experience and will experience in the future;

    c) Medical bills, costs, and expenses, which Plaintiff Hamlet has incurred and will continue to incur in the future;

    d) Out-of-pocket costs and expenses;

    e) Lost wages and employment;

    f) Lost or diminished enjoyment of life; and,

    g) Inconvenience, mental anguish, and emotional distress.

41. The negligence, recklessness, willfulness, and/or wantonness Defendant ESC, Inc. combined and concurred with the negligence, recklessness, willfulness, wantonness, or otherwise wrongful conduct of all other named defendants, causing Plaintiff Hamlet to be injured and damaged as a direct and proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive

damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

### COUNT FOUR: NEGLIGENT HIRING, TRAINING, RETENTION

42. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

43. On February 22, 2021 in Maron County, Alabama, Plaintiff Hamlet suffered injuries and damages when a load of steel I-beams being hauled by Defendant Harris shifted, fell from Defendant's Harris's flatbed trailer, and forcefully crashed into the vehicle being operated by the Plaintiff.

44. At all times relevant hereto, Defendant ESC, Inc. owned the vehicle driven by Defendant Harris and/or had the right of control over use of the motor vehicle driven by Defendant Harris and involved in the crash made the basis of this case.

45. Upon information and belief, Defendant ESC, Inc. negligently entrusted operation and use of the commercial vehicle involved in the crash to Defendant Harris on the occasion made the basis of this lawsuit.

46. Defendant ESC, Inc. knew, or by the exercise of reasonable care should have known, that Defendant Harris was incompetent to operate said vehicle; and/or that Defendant Harris had a history of violating the Rules of the Road; and/or that

Defendant Harris operated said vehicle in an unsafe manner; and/or that Defendant Harris was likely to operate said vehicle in a manner involving risk of harm to others.

47. As a direct and proximate result of Defendant ESC, Inc.'s negligent entrustment of the vehicle to Defendant Harris, Plaintiff Hamlet suffered the following injuries and damages:

a) Injuries to his body, including his arm, shoulder, neck, back, and leg;

b) Pain and suffering, which Plaintiff Hamlet continues to experience and will experience in the future;

c) Medical bills, costs, and expenses, which Plaintiff Hamlet has incurred and will continue to incur in the future;

d) Out-of-pocket costs and expenses;

e) Lost wages and employment;

f) Lost or diminished enjoyment of life; and,

g) Inconvenience, mental anguish, and emotional distress.

48. The negligence, recklessness, willfulness, and/or wantonness Defendant ESC, Inc. combined and concurred with the negligence, recklessness, willfulness, wantonness, or otherwise wrongful conduct of all other named defendants, causing Plaintiff Hamlet to be injured and damaged as a direct and proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with interest from the date of the injury plus the costs of this action.

### JURY DEMAND

**PLAINTIFF DEMANDS A STRUCK JURY
FOR THE TRIAL IN THIS CAUSE OF ACTION**

Respectfully submitted,

*/s/ Victoria L. Dye*
Victoria L. Dye, (ASB-4887-R77D)
MORGAN & MORGAN BIRMINGHAM, PLLC
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
P: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com